UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN SILER,

        Plaintiff,                    CIVIL ACTION NO. 16-cv-12833

     v.                                DISTRICT JUDGE GEORGE CARAM STEEH

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Shawn Siler filed the instant *pro se* Complaint on August 1, 2016, seeking review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits under 42 U.S.C. § 405(g).[1] (Docket no. 1.) Before the Court is Defendant's Motion to Dismiss.[2] (Docket no. 13.) Plaintiff has not responded to Defendant's Motion. The Motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I. RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 13) be **GRANTED** and that Plaintiff's Complaint be dismissed for failure to commence this action within sixty days after receipt of the final decision of the Commissioner.

---

[1] Plaintiff is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan. (*See* docket no. 12.)
[2] The Court reviews the Motion to Dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 because matters outside of the pleadings have been presented for the Court's review.

## II. REPORT

On March 2, 2012, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for Title XVI benefits. (Docket no. 13-1 at 6-20.) Plaintiff requested review of the ALJ's decision by the Appeals Council, and on May 16, 2013, the Appeals Council sent Plaintiff a notice of its order remanding Plaintiff's case to the ALJ. (*Id*. at 21-25.) On remand, the ALJ issued another unfavorable decision with regard to Plaintiff's claim on November 1, 2013. (*Id*. at 26-41.) Again, Plaintiff requested a review of the ALJ's decision, and on February 27, 2015, the Appeals Council mailed Plaintiff a notice of its decision denying his request for review. (*Id*. at 42-44.) The Appeals Council's notice was mailed to Plaintiff's residence at 19632 Greeley in Detroit, Michigan, and to Plaintiff's attorney, Jeffrey Kirschner, in Southfield, Michigan. The notice provided instructions on how Plaintiff should file a judicial action for review of the ALJ's decision if Plaintiff disagreed with that decision. The notice also informed Plaintiff that a civil action must be commenced within sixty days from the time the notice of Appeals Council action was received. And the notice stated that it would be presumed that Plaintiff received the notice five days after the date stamped on the notice, unless Plaintiff could show otherwise. Plaintiff was instructed to seek an extension of time for filing a lawsuit from the Appeals Council denial if a lawsuit could not be filed within sixty days.

> Title 42 U.S.C. § 405(g) provides that:
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

An individual is presumed to have received notice of the Commissioner's decision five days after the mailing of such notice. 20 C.F.R. §§ 404.901, 422.210(c).

Here, the notice denying Plaintiff's application for benefits is dated February 27, 2015. Accordingly, Plaintiff is presumed to have received this notice by March 4, 2015. To be timely, then, Plaintiff's Complaint must have been filed on or before May 4, 2015. Plaintiff's Complaint was filed on August 1, 2016, approximately one year and three months past the filing deadline. (Docket no. 1.) In his Complaint, and in a subsequent filing containing exhibits related to his Complaint, Plaintiff asks the court to apply equitable tolling to the filing deadline. (Docket nos. 1, 5.)

It is well-established that the sixty day limit in § 405(g) is not jurisdictional, but rather a period of limitations subject in the rare case to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). In *Bowen*, the Supreme Court determined that tolling of the limitation period may be appropriate in the exceptional case, such as where filing was delayed by illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process. *Id*. at 480 n.12. In determining whether to toll the limitations period, the court should consider: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citation omitted). Generally, it is the petitioner's burden to persuade the court that exceptional circumstances exist that warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Plaintiff does not argue that he was not aware of the sixty-day limitation period. Indeed, Plaintiff acknowledges that he received a letter from the Law Office of Mayer Gordon on March

3

29, 2015, which informed him that his disability claim had been denied and that he had until May 8, 2015 to file a lawsuit. (Docket no. 5 at 2.) Essentially, Plaintiff admits that he had actual notice of the filing requirement. And although the filing deadline in the letter as recited by Plaintiff does not match the actual May 4, 2015 deadline, this four-day discrepancy is insufficient to defeat the finding that he had actual notice. Moreover, as Defendant points out, Plaintiff has not rebutted the presumption that he also received the Appeals Council notice at his address of record, which gave him clear direction that he must file his lawsuit within sixty days of receiving the notice. (*See* docket no. 13 at 11.)

Instead, Plaintiff claims that he was unable to meet the filing deadline because he has been suffering from depression since 2007, and because his father passed away in late January/early February of 2015. (Docket no. 5 at 2.) Plaintiff explains that when he lost his father, he went into "shut-down mode," in which he didn't care about anything. (*Id*.) Plaintiff further explains that he wasn't in his right mind for months, and that he was just coming to grips with his father's death when he filed the instant Complaint.[3] (*Id*.)

Plaintiff does not state that he asked the Appeals Council for an extension of time to file his lawsuit, nor does he state exceptional circumstances that warrant equitable tolling of the limitations period. This is because "the mere existence of a mental impairment does not provide a basis for equitable tolling." *Johnson v. Birkett*, No. 2:10-cv-14347, 2011 WL 4695132, at *7 (E.D. Mich. Sept. 8, 2011) (citing *McSwain v. Davis,* 287 F. App'x 450, 456 (6th Cir. 2008)), *report and recommendation adopted*, No. 10-CV-14347, 2011 WL 4821812 (E.D. Mich. Oct. 5, 2011). Rather, the petitioner has the burden to show that his mental impairment rendered

---

[3] Plaintiff also indicates in his Complaint that all of his legal documents were either lost or destroyed when he was transferred from one correctional facility to another. (Docket no. 1 at 3.) Plaintiff seemingly provided this information as an explanation for his inability to submit his doctor's reports as attachments to his Complaint. (*See id*.) As Defendant points out, though, Plaintiff does not indicate when his documents were lost or destroyed, and he does not argue that this impeded his ability to file a timely complaint in this matter. (*See* docket no. 13 at 13 n.3.) Accordingly, this information will not be considered in determining whether Plaintiff is entitled to equitable tolling.

him unable to pursue his rights during the limitations period. *Id*. (citing *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000)). Plaintiff has not met his burden here. Plaintiff has provided documentation of his treating physician's 2009 opinions regarding his depression. (Docket no. 5 at 4-8, 15-17.) Notably, Plaintiff's doctor opined that Plaintiff's abilities to understand, remember, and carry out short and simple instructions, and to be punctual were satisfactory. (*Id*. at 6.) Plaintiff, however, has failed to provide any information regarding the state of his depression during the limitations period, except by stating that he wasn't in his right mind, and he didn't care about anything due to his father's death. While Plaintiff's loss of his father certainly could have exacerbated the symptoms of his depression as he suggests, Plaintiff's general, unsupported statements in this regard, standing alone, are insufficient to show that his depression rendered him unable to file his Complaint at any time within the limitations period or in the year and three months since the limitations period expired. Allowing Plaintiff to file his Complaint at this juncture would likely prejudice the Commissioner, particularly where "there are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437. Accordingly, Defendant's Motion to Dismiss should be granted and the instant Complaint dismissed.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 24, 2017         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: August 24, 2017         s/ Lisa C. Bartlett
                                             Case Manager